Dear Representative Pinac:
We are in receipt of your recent correspondence requesting we address the following questions:
 1. Can a state employee also serve as appointed commissioner of a drainage board?
 2. Can a city councilman serve on the drainage board and also work for the parish?
First, note that R.S. 38:1607(A)(2) states in pertinent part:
 A drainage commissioner may hold the position of drainage commissioner in one or more drainage districts and may hold the position in addition to any other office that may be held by him. The holding of the position of drainage commissioner, shall not be considered as dual officeholding. (Emphasis added).
The statute cited above was amended and reenacted by Act 91 of the 1982 Regular Legislative Session, subsequent to Louisiana's Dual Officeholding and Dual Employment Law, Act 700 of 1979. The amendment exempts the office of drainage commissioner from applications of the dual officeholding provisions. See attached Attorney General Opinions 87-202 and 03-0410. Thus, the dual officeholding provisions do not prohibit a state employee from holding a position on the drainage board.
Similarly, the dual officeholding provisions do not prohibit a city councilman from holding a position on the drainage board. Further, a city councilman may be employed in a separate political subdivision of the state. The parish and the municipality are "separate political subdivisions" as defined by R.S.42:63(9).[1] The law only prohibits one from holding local elective office and employment in the same political subdivision. See R.S. 42:63(D).[2]
Finally, note that the foregoing conclusions are predicated on the assumption that (1) no home rule charter provision permits the simultaneous holding of the positions referred, and (2) that no civil service rules prohibit the simultaneous holding of these positions.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:62(9) provides: "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
[2] R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).